790 So.2d 879 (2001)
Fredrick PEARSON, Jr. a/k/a Fred L. Pearson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00445-COA.
Court of Appeals of Mississippi.
June 26, 2001.
Paul M. Moore Jr., Calhoun City, Kevin L. Howe, Attorneys for Appellant.
Office of the Attorney General by Deirdre McCrory, Jackson, Attorney for Appellee.
Before McMILLIN, C.J., PAYNE, LEE, and IRVING, JJ.
IRVING, J., for the Court:
¶ 1. This appeal is from the conviction of Fredrick Pearson, Jr. in the Circuit Court of Calhoun County for the sale of cocaine. Feeling aggrieved by the circuit court's ruling, Pearson presents one question for review: whether the trial court erred in not granting his motion for a mistrial in which he alleges that the district attorney asked improper and highly prejudicial questions of one of the State's witnesses during trial. Finding no reversible error, we affirm.

FACTS
¶ 2. Willie J. Westmoreland, a confidential informant with the Mississippi Bureau of Narcotics, assisted by agents Charlie McVay and Sean Holdiness, purchased forty dollars worth of cocaine from Fredrick Pearson, Jr. Westmoreland's vehicle was equipped with a video camera which recorded the transaction. Pearson was later charged with the sale of cocaine.
¶ 3. During cross-examination, Pearson's counsel questioned Westmoreland:
Q. Now, Mr. Westmoreland, do you get paid to do this type work?

*880 A. Yes, sir.
Q. The buys. How many buys did you make altogether for them?
A. Since '96 or when I started in '86?
Q. How many just a rough guess? Would it be hundreds?
A. Yes, sir.
Q. And you got paid for each one of those.
A. I did.
* * * *
Q. Would it be fair to say that that's the main motivation for you to do this is to make money?
A. No, sir.
¶ 4. On redirect examination, the district attorney, asked Westmoreland the following questions:
Q. Willie, why would you put yourself at risk for $82? Why did you buy drugs?
A. Well, that really wasn't the case. Sometimes they would have money to pay me. Sometimes they wouldn't, depending on how much we bought. The reason I started buying because of kids in the neighborhood. I started in '86 doing this because I seen what happened.
* * * *
Q. How many cases have you made up there that they've gone to the penitentiary on? Do you know?
At this point, defense counsel objected and moved for a mistrial. The trial court sustained the objection and instructed the jury to "disregard the question as well as the answer."
¶ 5. The district attorney continued:
Q. Willie, during this '96 sting operation, how many buys did you make in Calhoun County? How many did you work at that time?
A. In '96 or '86?
Q. Ninety-six.
A. Ninety-six. I would say around 50, 45, 50, somewhere around there.
Q. As a result of your work, have we cleaned up that neighborhood up there?
At this point, defense counsel objected again, and as before, the trial court sustained the objection and instructed the jury to disregard the question.

ANALYSIS OF THE ISSUE PRESENTED
¶ 6. Pearson argues that the prejudicial effect of the district attorney's questioning was so damaging that any instructions to disregard the statement made during Westmoreland's testimony were insufficient to remedy the harm done. The applicable standard of review of a trial court's denial of a mistrial is abuse of discretion. Spann v. State, 771 So.2d 883, 889 (¶ 9) (Miss.2000). Whether to grant or deny a mistrial is within the sound discretion of the trial judge. Ragin v. State, 724 So.2d 901, 904 (¶ 13) (Miss.1998). The judge sustained Pearson's objections to the remarks made during the redirect examination of Westmoreland and cautioned the jury to disregard the questions. It is presumed that admonishing the jury eradicates the prejudicial effect from the minds of the jurors. King v. State, 580 So.2d 1182, 1189 (Miss.1991). Here, we find that the judge properly admonished the jury, and, based on the overwhelming evidence of Pearson's guilt, we cannot say that he suffered any irreparable prejudice in this matter.
¶ 7. THE JUDGMENT OF THE CALHOUN COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE TO SERVE TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF *881 CORRECTIONS WITH FIVE YEARS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., concur.