971 So.2d 1286 (2008)
Ne-Cole Roma AUSTIN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CA-01120-COA.
Court of Appeals of Mississippi.
January 8, 2008.
*1287 Thomas E. Payne, Biloxi, attorney for appellant.
Office of the Attorney General, by Jose Benjamin Simo, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
GRIFFIS, J., for the Court.
¶ 1. Ne-Cole Roma Austin's motion for rehearing is denied. The Court's original opinion is withdrawn, and this modified opinion is substituted in lieu thereof.
¶ 2. Ne-Cole Roma Austin appeals the Circuit Court of Harrison County's dismissal of her motion for post-conviction collateral relief. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 3. In August of 2003, Austin was charged with felony child abuse of her five month-old-son, who was diagnosed with Shaken Baby Syndrome. She subsequently pled guilty and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections. On November 19, 2004, eight months after her guilty plea and sentence, her new attorney referred Austin to Biloxi clinical psychologist, Julie D. Teater, Psy. D., for an evaluation. The evaluation was to assess Austin's level of psychological functioning and personality traits. After a two-and-one-half hour interview with Austin, Dr. Teater diagnosed Austin with borderline personality disorder and a major depressive disorder. Based upon this interview, the psychologist opined that Austin suffered from "diminished capacity" at the time she injured her infant.
¶ 4. In March of 2005, Austin, acting through different counsel from her trial counsel, filed a motion for post-conviction collateral relief. She asserted that her sentence was disproportionate to other sentences handed down for the same or similar crimes. Attached to her motion was her affidavit in which she said that she pleaded guilty under the assumption that the State's recommendation of ten years in prison would be her sentence. She stated that even though she pleaded guilty to the felony child abuse charge, she "steadfastly" denied that she had any intent to hurt her infant son but did so because she was sick and emotionally distraught at the time of his injury. She asked that her sentence be reduced due to her illness and incapacity. The psychologist's evaluation of Austin was attached to her affidavit.
¶ 5. In an order filed on May 10, 2005, the Circuit Court of Harrison County dismissed Austin's motion. The court noted that the relief which Austin sought through the motion for post-conviction collateral relief was a reconsideration of her sentence which she had previously sought in a motion to reconsider sentence which was heard and denied by the court in an April 5, 2004 order.[1] The court concluded that "[Austin] had the option of appealing *1288 the order, her failure to do so does not entitle her to a second look using the postconviction relief mechanism." The trial court cited Mississippi Code Annotated Section 99-39-21(1) (Rev.2007) and Carr v. State, 873 So.2d 991, 1002 (¶ 23) (Miss. 2004) for the proposition that post-conviction collateral relief is limited to those facts and matters which could not or should not have been brought at trial or on direct appeal.
¶ 6. On appeal, Austin claims that her sentence was disproportionate, and asserts that she received ineffective assistance of counsel because her defense counsel failed to have her undergo a psychological evaluation, which she claims would have shown that she suffered from borderline personality disorder and major depressive disorder. She also claims that the trial court erred when it did not consider her mental state as a mitigating factor in sentencing. Thus, Austin argues that because she was suffering from a serious mental illness at the time of the crime she "may" not have had the requisite intent to commit felony child abuse. Further she argues that the trial court did not consider her psychological and mental state as a mitigating factor at the time of her sentencing.

STANDARD OF REVIEW
¶ 7. Our standard of review on a denial of a motion for post-conviction relief is well-established. We will not reverse the trial court unless we find that the court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct. App.2002) (citing Kirksey v. State, 728 So.2d 565, 567 (Miss.1999)).

ISSUES AND ANALYSIS
I. WHETHER AUSTIN WAS AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 8. It is well settled that issues not raised below may not be raised on appeal. "Questions will not be decided on appeal which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error." Stringer v. State, 279 So.2d 156, 158 (Miss.1973); Jones v. State, 915 So.2d 511, 513 (¶ 7) (Miss.Ct.App.2005). Austin concedes that the ineffective counsel claim was not raised with the court below. Therefore, we find that this suggestion of error is procedurally barred.
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONSIDER AUSTIN'S MENTAL CONDITION AS A MITIGATING FACTOR IN SENTENCING.
¶ 9. Austin's second issue claims that the trial court erred when it failed to consider her mental condition as a mitigating factor when sentencing her. In her motion, Austin attached her own affidavit in which she said she did not intend to injure her young son, but that she was just emotionally overwhelmed. Also, Austin attached the clinical psychologist's evaluation of Austin which was conducted eight months after she was sentenced. The psychologist opined that Austin suffered from "diminished capacity" at the time she injured her young son because she suffered from mental problems.
¶ 10. The purpose of a post-conviction proceeding is to bring forth facts to the trial court which were not known at the time of the judgment. Carr, 873 So.2d at 997 (¶ 3). The proceeding is limited to those facts and matters which could not or should not have been brought at trial or on direct appeal. Id. Post-conviction collateral relief is available for any prisoner who claims that there is evidence of material *1289 facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice. Miss. Code Ann. § 99-39-5(1)(e) (Rev.2007). The supreme court has held that:
Newly discovered evidence warrants a new trial if the evidence will probably produce a different result or verdict; further, the proponent must show that the evidence "has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is material to the issue, and that it is not merely cumulative, or impeaching."
Brewer v. State, 819 So.2d 1169, 1172 (¶ 10) (Miss.2002) (citing Ormond v. State, 599 So.2d 951, 962 (Miss.1992)).
¶ 11. While evidence of Austin's mental state at the time of the crime is material, Austin's argument must fail because she has not shown that the evidence was unavailable nor that it could not have been discovered through due diligence before trial. In fact, the trial court ruled that Austin had tried for a sentence reduction in her motion to reconsider sentence which the court denied and which she did not appeal. The judge said that the PCR was just a rehash of the earlier modification motion and an attempt to get "a second look" at the issue.
¶ 12. Austin bears the burden to prove by a preponderance of the evidence that she is entitled to the requested postconviction relief. Miss.Code Ann. § 99-39-11(1) (Rev.2007). We find no reason why the mitigating evidence could not have been discovered previously and Austin does not argue why it could not have been discovered before. Instead, Austin just argues that it was not. It would be pure speculation on the part of this Court to find that the mental health evaluation of Austin would have affected the sentence imposed by the trial court. She pleaded guilty to felony child abuse under Mississippi Code Annotated Section 97-5-39(2) and was sentenced within the statutory limits. It is well settled that sentencing is within the sole discretion of the trial court, and we will not reverse a sentence where it is within the limits prescribed by statute. Gibson v. State, 731 So.2d 1087, 1097 (¶ 28) (Miss.1998) (citing Hoops v. State, 681 So.2d 521, 537 (Miss.1996)).
¶ 13. We, therefore, find that the motion for post-conviction relief was properly dismissed.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] We note that the motion to reconsider sentence and the ruling thereon were not made a part of the appellate record. It is the responsibility of the appellant to designate the record pursuant to Rule 10(b) of the Mississippi Rules of Appellate Procedure in a manner sufficient to allow this Court to review the appellant's issues. Sanghi v. Sanghi, 759 So.2d 1250, 1252 (¶ 8) (Miss.Ct.App.2000) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 135 (¶ 13) (Miss.1998)). In the absence of anything in the record to the contrary, we must presume that the trial court acted properly. Moawad v. State, 531 So.2d 632, 635 (Miss.1988).