ROBERTS, J.,
for the Court:
¶ 1. Kenneth Dewayne Hunt was convicted in the Lowndes County Circuit Court on May 18, 2010, of statutory rape. Hunt was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Hunt appeals, arguing that: (1) a witness for the State improperly testified about Hunt’s post-arrest silence; (2) a witness for the State improperly testified about a youth court adjudication of the victim; and (3) the jury’s verdict is against the overwhelming weight of the evidence. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In October 2007, a Lowndes County Department of Human Services (DHS) so *1143 cial worker responded to a call concerning two girls, J.B., fifteen years old, and her older sister S.B., sixteen years old.[1] Both girls lived with their mother in a trailer outside Columbus, Mississippi.
¶ 3. In 2003, J.B., S.B., their mother, and Hunt lived in Kansas. With the mother’s consent, Hunt began sleeping with J.B., who was eleven years old at the time. Hunt began molesting J.B. shortly thereafter. Throughout moves to Florida, Texas, and eventually Mississippi, Hunt continued to molest J.B., forced her to perform fellatio, and eventually forced her to engage in sexual intercourse. S.B. knew Hunt was sexually abusing J.B., and while the mother did not testify at trial, J.B. testified that she told her mother of the abuse, but her mother did nothing to stop it. Additionally, J.B. was never enrolled in school after the second grade. In 2003, they all moved to Columbus, Mississippi, where they resided until Hunt moved to Louisiana in 2006. Hunt raped J.B. throughout these three years.
¶ 4. After interviewing J.B., Lowndes County Sheriffs Department Investigator Ryan Rickert contacted law enforcement in Denham Springs, Louisiana, in an initially unsuccessful attempt to locate Hunt. Hunt was apprehended sometime in 2009. After a two-day trial on May 17 and 18, 2010, the jury found Hunt guilty of statutory rape. At the trial, both J.B. and S.B. testified, and at that time, they were respectively eighteen and twenty years old. Hunt was fifty-five years old at the time of trial. The circuit court sentenced Hunt to twenty-five years in the custody of the MDOC.
DISCUSSION
I. Post>-Trial Motions
¶ 5. The record contains an order denying the motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. However, the order is the usual summary denial, and it does not detail the specific grounds that Hunt raised. The record does not contain a motion for a new trial or a JNOV, nor does the transcript show that such a motion was made before the circuit court ore tenus. “It is elementary that a party seeking reversal of the judgment of a trial court must present this court with a record adequate to show that an error of reversible proportions has been committed and that the point has been procedurally preserved.” Hansen v. State, 592 So.2d 114, 127 (Miss.1991) (citation omitted). The presence of an order denying a motion for a new trial or a JNOV does not permit an appellate court to assume that issues here raised on appeal were enumerated in a motion that does not appear in the record. “This Court cannot assign error to actions not made a part of the record.” Qualls v. State, 947 So.2d 365, 370 (¶ 12) (Miss.Ct.App.2007). “It is the responsibility of the appellant to designate the record pursuant to Rule 10(b) of the Mississippi Rules of Appellate Procedure in a manner sufficient to allow this Court to review the appellant’s issues.” Walker v. State, 49 So.3d 658, 659 (¶ 6) (Miss.Ct.App.2010) (citing Austin v. State, 971 So.2d 1286, 1287 n. 1 (Miss.Ct.App.2008)). An appellate court cannot find error unless the issue was raised before the trial court. Id. (¶ 7).
¶ 6. We have no choice but to find that the issues raised in this appeal on the merits are not properly before this Court; therefore, the issues were waived by the failure to present this Court with the substance of the motion for new trial or a JNOV.
II. Hunt’s Post-Arrest Silence
¶ 7. Hunt argues that the circuit court erred in denying his request for a *1144 mistrial after a witness for the State testified to Hunt’s post-arrest, pre-Miranda silence. The objectionable testimony occurred during the State’s direct examination of Investigator Rickert. Investigator Rickert testified that Hunt did not give him a statement while being processed after Hunt’s arrest.
¶ 8. The Fifth Amendment to the United States Constitution provides: “No person ... shall be compelled in any criminal case to be a witness against himself.” The Fourteenth Amendment incorporates this right to the states. Chamberlin v. State, 989 So.2d 820, 332 (¶ 35) (Miss.2008). The applicable provision in the Mississippi Constitution provides that: “In all criminal prosecutions the accused ... shall not be compelled to give evidence against himself.” Miss. Const, art. 3, § 26. The United States Supreme Court has held that improper comments about a defendant’s silence may deprive a defendant of his right to due process. Doyle v. Ohio, 426 U.S. 610, 618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).
¶ 9. Hunt argues that the State improperly used his post-arrest, pre-Mi-randa silence to support its case-in-chief against a non-testifying defendant. When a defendant chooses to testify, his post-arrest, pr e-Miranda silence can be admissible for impeachment purposes, but when a defendant invokes his right to not testify, such silence is not admissible to create an inference of guilt. McGrone v. State, 807 So.2d 1232, 1235 (¶ 10) (Miss.2002). During the testimony of Investigator Rickert, the State asked whether Hunt had made any statements after he was arrested. Investigator Rickert answered that Hunt did not. The record reflects that the witness’s testimony with regard to Hunt’s silence was brief, consisting only of the word “no,” and the State immediately tendered the witness. Defense counsel did not object and move for a mistrial until after cross-examining Investigator Rickert. The testimony was as follows:
Q. Did you ever get to meet with the defendant?
A. He was apprehended sometime in 2009. I spoke with him briefly while I was trying to process him.
Q. Did he give a statement?
A. No.
BY MR. JACKSON: Tender the witness, Your Honor.
BY THE COURT: Any questions?
BY MR. GOODWIN: Yes, Your Honor.
¶ 10. In this case, Hunt did not raise a contemporaneous objection, and he requested a mistrial only after cross-examining the witness. In the absence of a contemporaneous objection from defense counsel, there is no ground for a mistrial. “It is incumbent on the party asserting error to make a contemporaneous objection and obtain a ruling in order to preserve the objection.” Brown v. State, 965 So.2d 1023, 1029 (¶ 24) (Miss.2007) (citing Billiot v. State, 454 So.2d 445, 456 (Miss.1984)). The circuit court found that the circumstances were “fairly innocuous” and unlikely to create prejudice against Hunt. As a result, the circuit court overruled the motion and offered a curative instruction, which defense counsel declined in favor of re-asserting his request for a mistrial.
¶ 11. The decision of “[wjhether to declare a mistrial is committed to the sound discretion of the trial court.” Brent v. State, 632 So.2d 936, 941 (Miss.1994); see also Bass v. State, 597 So.2d 182, 191 (Miss.1992). It is of course impermissible for the State to comment upon a defendant’s choice to remain silent. Doyle, 426 U.S. at 618, 96 S.Ct. 2240; Robinson v. State, 40 So.3d 570, 574 (¶14) (Miss.Ct.App.2009). Nevertheless, the United States Supreme Court has also held that *1145 any error in permitting a prosecutor to comment on the defendant’s right to remain silent is subject to harmless-error review. Brecht v. Abrahamson, 507 U.S. 619, 629-30, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The proper inquiry turns on whether, absent the improper statements, it is clear beyond a reasonable doubt that the jury would still have found the defendant guilty. Id. (citing Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). In this case, J.B., who was eighteen years old at the time of trial, provided clear, consistent, and graphic testimony as to the long-term sexual abuse she suffered at the hands of Hunt. S.B., who was twenty years old at the time of trial, testified she witnessed Hunt having sexual intercourse with J.B. And while Hunt had no duty to present any evidence tending to show his innocence, the record shows that the defense did not call any witness to contradict the evidence put forth by the State.
¶ 12. Based on the overwhelming evidence of Hunt’s guilt, we find that the testimony of Investigator Rickert is harmless error, even if it had not been waived by the failure to include in the record the specific issues raised in a motion for a new trial or a JNOV, as well as the failure to offer a contemporaneous objection to Investigator Rickert’s testimony. There is no merit to this issue.
III. Youth Court Adjudication
¶ 13. Hunt argues that it was improper and prejudicial for the jury to hear that J.B. and S.B. had been adjudicated to be abused children in a youth court proceeding. “[T]he Youth Court Act prohibits use of an adjudication of the Youth Court for impeachment purposes in any court.” Evans v. State, 422 So.2d 737, 745 (Miss. 1982). See Miss.Code Ann. § 43-21-101 (Rev.2009) et seq.
¶ 14. In this case, the State called a social worker to testify about the course of events to explain how the abuse was discovered and how the criminal investigation commenced. The State asked the social worker: “After the investigation was complete, what happened to the girls?” The social worker responded: “They were — we had a hearing, and they were adjudicated to be abused children.” Hunt raised a contemporaneous objection. The circuit court sustained the objection and instructed the jury to disregard the testimony.
¶ 15. “Absent unusual circumstances, where objection is sustained to improper questioning or testimony, and the jury is admonished to disregard the question or testimony, we will not find error.” Wright v. State, 540 So.2d 1, 4 (Miss.1989). When an objection is sustained and a jury is instructed to disregard the objectionable testimony, no prejudicial error results. Pearson v. State, 790 So.2d 879, 880 (¶ 6) (Miss.Ct.App.2001). It is presumed that juries follow the instructions of the trial court. Washington v. State, 957 So.2d 426, 429 (¶ 16) (Miss.Ct.App.2007) (citing Edwards v. State, 737 So.2d 275, 319 (¶ 159) (Miss.1999)). Therefore, while the testimony was improper, the circuit court correctly sustained the objection and offered a curative instruction. As such, there was no error. Furthermore, there is an irony to Hunt’s seeking a reversal of his conviction on this issue, because during cross-examination of S.B., who testified just prior to the social worker, Hunt’s attorney himself ventured into this improper territory. Hunt’s attorney attempted to impeach S.B.’s motives for reporting the statutory rape to DHS because she wanted to be separated from her mother. The following question was asked:
Q: Ma’am, you would agree with me that when you testified that you-or when *1146 you worked with the Department of Human Services and the sheriffs office and through the youth court system that you wanted to be separated from your mother.
Before S.B. could answer, the circuit judge summoned Hunt’s attorney to the bench and delivered a pointed rebuke and instructed him to avoid any further mention to any youth court proceeding.
¶ 16. This issue was waived by the failure to include in the record whether this issue was a basis for a motion for a new trial or a JNOV. Further, because the circuit court sustained the objection and instructed the jury to disregard, no error occurred. This issue is without merit.
IV. Weight of the Evidence
¶ 17. Hunt’s brief states that he raises the issue of the weight of the evidence, although in his actual discussion of the issue what he appears to be raising is sufficiency of the evidence. As such, we will discuss both issues.
¶ 18. Hunt argues that there was no testimony specifically indicating penetration as required by Mississippi Code Annotated section § 97-3-65(l)(b) (Supp.2010). Hunt contends that J.B.’s testimony that she had intercourse with Hunt is insufficient to satisfy this element because she failed to specify that sexual intercourse entailed penetration. Hunt also argues that there was no corroborating evidence or physical evidence indicating penetration. In determining if a verdict is supported by sufficient evidence, the standard of review is whether when the evidence is viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Ivy v. State, 949 So.2d 748, 751 (¶ 14) (Miss.2007). In this case, even if the issue was not waived by the failure to include in the record the issues raised in a motion for new trial or a JNOV, it is very clear that J.B.’s testimony established the element of penetration. Hunt’s argument is that the J.B.’s repeated testimony concerning being forced into having “sexual intercourse” with Hunt is insufficient because she did not expressly state “penetration” had occurred. Hunt’s trial counsel repeatedly used the term “sexual intercourse” as involving penetration. There is no ambiguity in this record. The verdict was supported by sufficient evidence.
¶ 19. In determining an issue of whether the weight of the evidence supports a verdict, the standard of review is that an appellate court will only disturb a verdict if the verdict is so contrary to the overwhelming weight of the evidence that to allow the verdict to stand would sanction an unconscionable injustice. Id. at 753 (¶ 21). In this case, all of the evidence introduced pointed toward Hunt’s guilt. Therefore, even if the issue was not waived by the failure to include in the record the issues raised in a motion for new trial or a JNOV, the verdict is not against the weight of the evidence.
¶ 20. This issue was waived by the failure to include a copy of the post-trial motion and the post-trial issues raised in the circuit court. Further, even without waiver, this issue is without merit.
¶ 21. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE, PROBATION, OR EARLY RELEASE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
*1147 LEE, C.J., GRIFFIS, P.J., MYERS, ISHEE AND MAXWELL, JJ., CONCUR. IRVING, P. J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES AND CARLTON, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. Fictional names are used for the victim and her sister to protect their identities.