# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00389-COA

**EDDIE DWAYNE HOLLINGSWORTH A/K/A**          **APPELLANT**
**EDDIE HOLLINGSWORTH A/K/A EDDIE**
**DEWAYNE HOLLINGSWORTH A/K/A EDDIE**
**D. HOLLINGSWORTH A/K/A JOHN**
**HOLLINGSWORTH**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/2017 |
| TRIAL JUDGE: | HON. JAMES MCCLURE III |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 06/19/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., WILSON AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT**:

¶1. In *Armstead v. State*, 196 So. 3d 913, 921 (¶20) (Miss. 2016), the Mississippi Supreme

Court held that allowing testimony from a forensic-science expert who was "actively

involved in the production of [a drug analysis] report and had intimate knowledge of the

analysis even though she did not perform the tests first hand" did not violate the

Confrontation Clause. *Id*. (quoting *Jenkins v. State*, 102 So. 3d 1063, 1069 (¶17) (Miss.

2012)). The *Armstead* ruling is in line with and almost identical to other Mississippi cases:

*Hingle v. State*, 153 So. 3d 659, 665 (¶13) (Miss. 2014); *Grim v. State*, 102 So. 3d 1073, 1081 (¶22) (Miss. 2012); and *Jenkins*, 102 So. 3d at 1069 (¶17). In each of these cited cases, all of which involved the sale or possession of a controlled substance, a forensic report or an expert-forensic opinion regarding the testing or identification of the substance of concern was admitted through the testimony of a drug analyst, supervisor, or technical reviewer who did not personally conduct the underlying testing but was directly involved in the creation of the report. In these cases, someone other than the analyst who conducted the tests was allowed to testify as to the findings that the substances were controlled substances.

¶2.     Here, Eddie Dwayne Hollingsworth argues that allowing that same form of testimony at his trial violated his Sixth Amendment right to cross-examination. We find Hollingsworth's appeal wholly meritless and affirm his convictions and sentences.

**FACTS**

¶3.     A DeSoto County grand jury indicted Hollingsworth on two counts of selling methamphetamine, one count of possession of methamphetamine with intent to sell, and one count of selling a substance falsely represented to be a controlled substance. *See* Miss. Code Ann. §§ 41-29-139(a)(1), 41-29-146(1) (Rev. 2013). After a trial on the merits, the jury found Hollingsworth guilty of all charges. The DeSoto County Circuit Court sentenced Hollingsworth as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015) to twenty years for each of the methamphetamine-related charges and five years for selling a substance he falsely represented to be a controlled substance. The trial court ordered the sentences to run concurrently.

¶4.    At trial, Teresia Hickmon testified for the State. She was a forensic scientist who specialized in forensic-drug analysis. She worked for the Mississippi Crime Laboratory for twenty-eight years. The trial court accepted Hickmon as an expert witness in forensic-drug analysis without objection or voir dire from the defense. Hickmon testified she was a technical reviewer in the Hollingsworth case. She described the process of reviewing a drug analyst's work. She then testified that, as the technical reviewer, she followed the Mississippi Crime Laboratory's policies and procedures in her review of the crystal tested in Hollingsworth's case. Hickmon confirmed that the crystal, bagged and identified as lab number 15-001621, the third marked exhibit for trial (Exhibit 3),[1] was tested and found to be 2.588 grams of methamphetamine. Hickmon testified that she was also the technical reviewer for the substances bagged in two separate bags and identified as lab number 15-001622 (Exhibit 5).[2] She confirmed that she followed the Mississippi Crime Laboratory's policies and procedures in her review of the testing of the substances found in the two bags in Exhibit 5. Hickmon testified that one bag did not contain a controlled substance and that the other bag contained 0.496 grams of methamphetamine.

¶5.    Thereafter, Gary Fernandez testified for the State. He served as lab manager of the Batesville Forensic Laboratory. Without objection or voir dire from the defense, the trial

_____

[1] Through the testimony of other trial witnesses, the State presented Exhibit 3 as the substance purchased by an informant from Hollingsworth in an initial transaction between the two on December 11, 2014.

[2] Through the testimony of other trial witnesses, the State presented Exhibit 5 as the substance purchased by an informant from Hollingsworth in a second transaction on December 11, 2014.

court accepted Fernandez as an expert witness in forensic testing. Fernandez testified he was the technical and administrative reviewer in Hollingsworth's case for lab number 14-023365 (Exhibit 2).[3] Fernandez described the policies and procedures of the Batesville Forensic Laboratory for testing of substances and the review of the analyst's testing. He then testified that, as the technical and administrative reviewer, he followed those policies and procedures in his review of the analysis of the substance in Exhibit 2. Fernandez confirmed that the substance, bagged and identified as trial Exhibit 2, was tested and found to be 2.1333 grams of methamphetamine.

¶6. The jury found Hollingsworth guilty of two counts of selling methamphetamine, one count of possession of methamphetamine with intent to sell, and one count of selling a substance falsely represented to be a controlled substance. *See* Miss. Code Ann. § 41-29-139(a)(1); Miss. Code Ann. § 41-29-146(1). Trial counsel filed a motion for new trial and motion for judgment notwithstanding the verdict on Hollingsworth's behalf after the trial. Both were denied. Aggrieved, Hollingsworth appeals.

## STANDARD OF REVIEW

¶7. Hollingsworth's appeal concerns the testimony of Hickmon and Fernandez. Hollingsworth argues that Hickmon's and Fernandez's testimonies violated his constitutional right to confrontation, and he submits that he should have been granted access to and the opportunity to cross-examine the primary analyst who actively performed the tests on the

---

[3] Through the testimony of other trial witnesses, the State presented Exhibit 2 as the substance purchased by an informant from Hollingsworth in a transaction on December 2, 2014.

subject substances. Because there was no objection at trial to Hickmon's and Fernandez's statuses as experts in their field or to their testimonies, Hollingsworth did not preserve this issue for appellate review. This issue is therefore procedurally barred, and our review is restricted to the plain-error doctrine.

¶8. The plain-error doctrine allows consideration of the following:

> [O]bvious error which was not properly raised by the defendant and which affects a defendant's fundamental, substantive right. For the plain-error doctrine to apply, there must have been an error that resulted in a manifest miscarriage of justice or seriously affects the fairness, integrity[,] or public reputation of judicial proceedings.

*Johnson v. State*, 155 So. 3d 733, 738-39 (¶8) (Miss. 2014) (quoting *Burdette v. State*, 110 So. 3d 296, 303 (¶23) (Miss. 2013)). Hollingsworth's issue alleges a Confrontation Clause violation which the supreme court has held to be a violation of a "fundamental, substantive right." *Conners v. State*, 92 So. 3d 676, 682 (¶15) (Miss. 2012). To reverse as Hollingsworth requests, we must find that Hollingsworth's constitutional right to confrontation was violated and that it was "an error that resulted in a manifest miscarriage of justice or [one that] seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation mark omitted).

## ANALYSIS

¶9. Under the plain-error doctrine, we must first determine "whether the trial court deviated from a known legal rule . . . ." *Starr v. State*, 997 So. 2d 262, 266 (¶11) (Miss. Ct. App. 2008). Here, the jury was not presented with testimony from a witness with no apparent relation to the crime laboratory, as in *Bullcoming v. New Mexico*, 564 U.S. 647, 652 (2011).

5

The jury was not presented with crime laboratory reports or certificates presented without authenticating testimony subject to cross-examination, as in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009).

¶10.    No dispute exists that Hickmon and Fernandez were not the primary analysts for the substances found in Exhibits 2, 3, and 5. They were technical reviewers who reviewed the data and verified the conclusions of the primary drug analysts. Their testimony reveals that their active involvement in identification of the substances was their reexamination of the procedures utilized by the primary drug analyst, their review of the data obtained, and the instruments used. This form of testimony provided by just this type of witness, a technical reviewer, has been consistently upheld by the Mississippi Supreme Court as admissible. Further, it has been consistently found **not** to violate a defendant's rights under the Confrontation Clause. *Armstead*, 196 So. 3d at 921 (¶¶20-21); *Hingle*, 153 So. 3d at 665 (¶13); *Grim*, 102 So. 3d at 1081 (¶22); *Jenkins*, 102 So. 3d at 1069 (¶17).

¶11.    The record reflects no deviation from a known legal rule or injustice to Hollingsworth. Plain-error review can only be used for "correcting obvious instances of injustice or misapplied law." *Smith v. State*, 986 So. 2d 290, 294 (¶10) (Miss. 2008). Here, the trial court followed established legal precedent and properly applied the same to admit the testimony by Hickmon and Fernandez.

## CONCLUSION

¶12.    The trial court did not abuse its discretion by allowing Hickmon and Fernandez to testify regarding the forensic testing and their conclusion that bags of substances purchased

from Hollingsworth or found in his home contained methamphetamine. Hollingsworth had the opportunity to confront and cross-examine Hickmon and Fernandez at trial, which satisfied his Sixth Amendment right to confront the witnesses against him. We therefore affirm Hollingsworth's convictions and sentences.

¶13. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**