## 70637. SHUMATE v. ASHFORD.
### (334 SE2d 336)

BANKE, Chief Judge.

This appeal follows a verdict and judgment in favor of the defendant physician in a medical malpractice action. The sole enumeration of error concerns the court's failure to allow the plaintiff to introduce certain expert opinion testimony in rebuttal, after the defense had rested.

The gist of the plaintiff's case was that in treating her for a frac-

tured wrist, the defendant had negligently allowed a temporary wooden splint to remain affixed to her hand and forearm for a one-week period in such a manner as to immobilize her wrist and fingers, thereby causing her to suffer a permanent partial loss of the use of the hand. Prior to trial, the parties entered into a stipulation of fact which was read to the jury as follows: "The parties have stipulated and agreed that the plaintiff, Ms. Shumate, was involved in an accident on the 23rd day of September 1975, that a temporary splint was put on her right arm at the accident site by ambulance personnel, that she was carried to the Walton County Hospital, where she was treated by Dr. A. Woodson Ashford, defendant; that the temporary splint was kept on until about September 30, 1975, at which time Dr. Ashford put on a plaster splint, which was subsequently removed on or about November 10, 1975. The parties have further sitpulated and agreed that Ms. Shumate's right hand is permanently disabled."

The plaintiff and several other witnesses testified that the plaintiff's fingers were wrapped securely against the original wooden splint throughout her one-week hospitalization. The plaintiff's expert testified by deposition that in his opinion the temporary splint should have been used only to transport the plaintiff to the hospital and that it should have been replaced by a plaster cast immediately upon her arrival at the emergency room, so as to permit "motion exercise" of the wrist and hand. He elaborated as follows on cross-examination: "[I]t is good medical practice to apply only half the cast or half of the splint, a plaster splint, allow the room for the swelling to go down, allow the joint of the hand to be . . . move[d] by the patient without pain."

After introducing the above testimony, plaintiff's counsel indicated to the court that, in the event the defendant subsequently testified that he had replaced the original wood splint with a shorter one upon the plaintiff's arrival at the emergency room, he was prepared to offer additional expert testimony to the effect that this, too, would have constituted negligent treatment. However, because the defendant had not yet testified and because there was a possibility that such testimony by him might be excluded as being in conflict with his prior stipulation that the temporary splint had been "kept on" for an entire week, plaintiff's counsel stated that it was his desire to wait and offer the additional expert testimony in question as rebuttal evidence, at the close of the defendant's case. The court replied, "That appears to be the correct procedure. . . . We will wait and do it as part of rebuttal."

When the defendant took the stand, he did in fact testify that upon the plaintiff's arrival at the emergency room he had removed the original splint, altered it so as to make it shorter and narrower, and then replaced it so as to provide "not too much, not too less (sic),

but just the right amount of immobilization." At the close of the defendant's evidence, plaintiff's counsel, as promised, sought to counter this with additional opinion testimony from his expert as follows: "You don't put [on] a wooden splint in a hospital except when you practice medicine in World War II or 30, 40 years ago. We do not use a wooden splint in the hospital. The main reason is the splint would not hold the arm unless you wrapped — you got to wrap the arm real nice and tight in order to keep the arm on the splint. And the tighter you wrap, you cut down the circulation to the hand, and that's what caused this problem to start with." The trial court rejected this testimony on the ground that it sought to interject an entirely new specification of negligence into the case and therefore could not properly be considered rebuttal evidence. *Held*:

The original expert opinion testimony offered by the plaintiff was based on evidence previously introduced by her purporting to show that the defendant had made no alteration or adjustment to the wood splint until he finally replaced it with a plaster cast a week after the accident. It was not until the defendant subsequently testified that he had in fact removed and shortened the original splint that an evidentiary predicate was established for the hypothetical questions on which the rebuttal testimony was based. The testimony in question should consequently have been allowed as rebuttal evidence, and it was reversible error to exclude it. See generally *Walker v. Walker*, 14 Ga. 242 (5) (1853); *Dept. of Transp. v. English*, 135 Ga. App. 425 (5) (218 SE2d 134) (1975). Additionally, we believe plaintiff's counsel was entitled to rely on the trial court's earlier ruling that the evidence would be allowed in rebuttal.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1985.

*L. Lin Wood, Jr., John O. Moore*, for appellant.
*Eugene A. Epting*, for appellee.