## A10A0382. HARBIN v. ROBERTS.
(699 SE2d 36)

DOYLE, Judge.

Karen Harbin sued Caleb Beau Roberts to recover damages for injuries sustained in a rear-end collision.[1] Following a trial, the jury returned a verdict in favor of Roberts. Harbin filed a motion for new trial, which the trial court denied, and this appeal followed. Harbin enumerates the following errors: (1) the trial court erred by denying her motion for new trial; (2) the trial court erred by substituting a senior judge to preside over the trial; and (3) the trial court erred "by showing manifest prejudice and bias" against her and in favor of Roberts during the trial. We affirm, for reasons that follow.

Harbin filed suit against Roberts in April 2005. In May 2006, Roberts filed a *Daubert*[2] motion to exclude the testimony of one of Harbin's experts, Dr. Arthur Koblasz, arguing in part that he was not qualified to offer an opinion regarding the cause and extent of Harbin's injuries.[3] The original judge recused in August 2006, and Judge Donald B. Howe was assigned to preside over the case. In October 2006, Judge Howe entered an order denying Roberts's motion, concluding that Dr. Koblasz's

> opinions on this case are based on biomechanics. His claimed expertise as concerns this case appears to relate to the mechanical cause of injuries to the plaintiff's spine as opposed to a medical diagnosis and treatment plan. Defendants' objection to the entire testimony of Dr. Koblasz is misplaced. Objections to opinions beyond the scope of the expert['s] field can be made at trial. Defendants' objections to the factual basis for Dr. Koblasz's conclusions and his

---

[1] Harbin also named Patricia Ann Roberts, the owner of the car and Caleb Roberts's mother, as a defendant, but later dismissed her from the case.

[2] *Daubert v. Merrill Dow Pharmaceuticals*, 509 U. S. 579 (113 SC 2786, 125 LE2d 469) (1993).

[3] Dr. Koblasz has a Ph.D. in engineering science; he is not a medical doctor.

methodology in forming them can be addressed by impeachment, cross-examination[,] and rebuttal.

Judge Howe became ill before trial, and Judge Arthur W. Fudger, a senior judge, was appointed to preside over the trial. During Harbin's direct examination of Dr. Koblasz, Roberts objected on several grounds, including that Dr. Koblasz's opinion was based solely on his review of photographs of Harbin's vehicle and her medical records. Judge Fudger ultimately sustained the objections, concluding that because Dr. Koblasz was not a medical doctor and did not do any testing or investigation of Harbin or her vehicle, he was not qualified to testify as to the cause of her injuries. Judge Fudger did not, however, prohibit Dr. Koblasz from testifying about any examination he made of Harbin or about any testing or calculations he performed on her vehicle.

On December 13, 2007, the jury returned verdict in favor of Roberts. On December 18, 2007, Harbin filed a motion to recuse Judge Fudger "for showing and exhibiting a bent of mind that would prevent or impede impartiality in this case." Counsel for Harbin submitted an affidavit detailing various instances that he contends evidenced Judge Fudger's bias against Harbin. Harbin then filed a motion for new trial on January 14, 2008. The recusal motion was assigned to a fourth judge, Judge David Emerson, who denied it. On March 16, 2009, Harbin submitted a brief in support of her amended motion for new trial, alleging that Judge Fudger's "remarks, ruling[,] and demeanor . . . toward [Harbin] and her attorney . . . were so prejudicial, inflammatory[,] and improper that a new trial is mandated." Following a hearing, the motion for new trial was denied, and this appeal follows.

1. As a threshold matter, we note that Harbin has failed to comply with Court of Appeals Rule 25 (c) (1), which requires that the sequence of arguments in a brief follow the order of the enumeration of errors and be numbered accordingly. Although Harbin includes three enumerations of error (numbered 1, 2, and 3) and three arguments (numbered I, II, and III) in her brief, they do not coincide with each other, and the arguments do not follow the order of the enumerations. As we have previously held,

Rule 25 (c) (1) is more than a mere formality. It is a requirement which this Court imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, the appellant has hindered the Court's review of [her] assertions and has risked the possibility that certain enumerations will not be addressed. Accordingly, to the extent that

> we are able to discern which of the enumerations are supported in the brief by citation of authority or argument, we will address those enumerations.[4]

Harbin also failed to include "a statement of the method by which each enumeration of error was preserved for consideration" as required by Court of Appeals Rule 25 (a) (1), further hampering our review of her appeal.

2. Harbin argues that the trial court erred by substituting a senior judge "who had no familiarity with the pretrial motions and rulings" and that she was prejudiced when Judge Fudger reversed Judge Howe's order denying Roberts's *Daubert* motion as to Dr. Koblasz. But Harbin has not demonstrated that she objected to the substitution of trial judges, and thus, she has waived this issue on appeal.[5] Nevertheless, we note that her argument is without merit.

Importantly, Harbin does not argue on appeal that the trial court erred in excluding Dr. Koblasz's testimony because he was qualified to offer it.[6] Instead, she claims that the mid-trial exclusion of his testimony by a substitute judge was prejudicial and that Judge Fudger's ruling conflicted with Judge Howe's order denying Roberts's *Daubert* motion. We disagree. Judge Howe concluded in his order that Dr. Koblasz's "claimed expertise as concerns this case appears to relate to the mechanical cause of injuries to the plaintiff's spine as opposed to a medical diagnosis and treatment plan," but specifically noted that Roberts could make objections at trial to testimony that exceeded the scope of the expert's field. Thus, we see no conflict between Judge Howe's pretrial ruling and Judge Fudger's ruling at trial.

We further note Harbin implicitly argues that a trial court is bound by a pretrial *Daubert* ruling (by the same or a substitute judge), even if the trial court later determines at trial that the expert's testimony is inadmissible and/or exceeds the scope of his or her expertise or qualifications, a position that we do not accept.[7]

Finally, Harbin's two treating physicians testified that her injuries were caused by the collision with Roberts. Thus, even if the

---

[4] (Punctuation omitted.) *Marchant v. Travelers Indem. Co. of Illinois*, 286 Ga. App. 370, 371 (1) (650 SE2d 316) (2007).

[5] See, e.g., *Noble v. State*, 220 Ga. App. 155, 159 (2) (469 SE2d 307) (1996) (defendant waived his right to challenge sentencing by a substitute judge because he failed to object thereto).

[6] Because Harbin does not argue on appeal that Dr. Koblasz's proffered testimony was admissible, we do not address this issue.

[7] Compare *Shumate v. Ashford*, 175 Ga. App. 736, 738 (334 SE2d 336) (1985) ("plaintiff's counsel was entitled to rely on the trial court's earlier ruling that [certain] evidence would be allowed in rebuttal").

exclusion of Dr. Koblasz's proffered testimony was error, it was merely cumulative and provides no basis for reversal.[8]

3. Harbin argues that the trial court exhibited "manifest bias and prejudice" toward her during the trial, citing multiple examples, including, inter alia, that the trial court: (1) limited her voir dire questions and refused to strike particular jurors; (2) repeatedly prohibited Harbin's counsel from showing photographs to the jury during opening statements despite a pretrial stipulation to so use the photographs; (3) admonished Harbin's counsel for arguing during opening statements, but did not do the same for Roberts's attorney; (4) interrupted direct examination by Harbin's counsel, without an objection by Roberts, and limited certain questions on the grounds that they were irrelevant and called for inadmissible hearsay; (5) "asymmetrically excluded evidence regarding physical damage to [Harbin's] car"; and (6) refused to allow Harbin to impeach Roberts using a photograph of him from a "My Space" internet posting. Harbin does not, however, demonstrate that she ever made a motion for recusal or a motion for mistrial on these grounds. Her failure to do so is fatal to this argument.[9] "If [Harbin] was aware of a possible basis for recusal, [s]he had no right to sit back, hope for a favorable ruling or [verdict], and then raise the issue for the first time in an amended motion for a new trial."[10] Accordingly, we find this argument unpersuasive.

4. Harbin alleges that the trial court erred by denying her motion for new trial. She does not, however, challenge the sufficiency of the evidence. Instead, she argues that the trial court demonstrated bias toward her and that his ruling excluding Dr. Koblasz's testimony improperly conflicted with the previous judge's pretrial ruling, arguments that we have already rejected in Divisions 2 and 3.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 15, 2010 —
RECONSIDERATION DENIED JULY 9, 2010 — ▮▮▮▮▮

*Robert S. Windholz,* for appellant.

---

[8] See *Muskett v. Sketchley Cleaners,* 297 Ga. App. 561, 561-562 (1) (677 SE2d 731) (2009); *Moresi v. Evans,* 257 Ga. App. 670, 676 (2) (572 SE2d 327) (2002).

[9] See *Works v. State,* 301 Ga. App. 108, 112 (3) (686 SE2d 863) (2009).

[10] *English v. State,* 290 Ga. App. 378, 381-382 (2) (659 SE2d 783) (2008). See *Works,* 301 Ga. App. at 112 (3); *Hunnicutt v. Hunnicutt,* 248 Ga. 516, 518-519 (283 SE2d 891) (1981) (appellant's motion alleging bias and prejudice on the part of the trial court made after the verdict was untimely).

*Harper, Waldon & Craig, Trevor G. Hiestand, Ashley Giblin*, for appellee.