# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01195-COA

**RAY JAMES**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

DATE OF JUDGMENT:            07/27/2017
TRIAL JUDGE:                 HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:   SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      RAY JAMES (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: SCOTT STUART
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 09/11/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Ray James was convicted of burglary of a dwelling and four counts of aggravated assault against a police officer. Eleven years later, James filed a motion for a sentence reduction or, in the alternative, a new trial or permission to appeal. Finding that James's motion was time barred, the circuit court denied his motion. Finding no error, we affirm.

## FACTS

¶2. In July 2005, James was convicted of burglary of a dwelling and four counts of aggravated assault against a police officer. In 2010, the officer, Tony Cooper, was later convicted and sentenced on unrelated charges in federal court. In 2016, James filed a motion for a sentence reduction or, in the alternative, a new trial or permission to appeal. The circuit

court stated that James's motion was time barred and that it had no authority to grant his request of a sentence reduction, a new trial and/or an out of time appeal. James timely appeals.

## STANDARD OF REVIEW

¶3. "When reviewing a trial court's denial or dismissal of a [motion for postconviction relief (PCR)], we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Creppel v. State*, 199 So. 3d 715, 718 (¶8) (Miss. Ct. App. 2016) (quoting *Jackson v. State*, 178 So. 3d 807, 809 (¶8) (Miss. Ct. App. 2014)).

## DISCUSSION

### I. Procedural Bar

¶4. "Under Mississippi Code Annotated section 99-39-5(2) (Supp. 2012), a movant has three years to file a PCR motion, and failure to file a PCR motion within the three years is a procedural bar." *Blount v. State*, 126 So. 3d 927, 930-31 (¶13) (Miss. Ct. App. 2013). But, the Mississippi Supreme Court has held that "errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal." *Rowland v. State*, 42 So. 3d 503, 506 (¶10) (Miss. 2010).

¶5. While ineffective assistance of counsel claims are not traditionally categorized as a "fundamental right" under *Rowland*, the Mississippi Supreme Court held that "under the facts of a particular case, this Court might find that a lawyer's performance was so deficient, and so prejudicial to the defendant, that the defendant's fundamental constitutional rights

2

were violated. However, this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar." *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996).

¶6. Here, James did not challenge his 2005 conviction until 2016, eleven years later; nor does his mere claim support any violations of his "fundamental" rights. *Rowland*, 42 So. 3d at 506 (¶10). Without extreme circumstances, "claims of ineffective assistance of counsel . . . are indeed subject to the procedural bars." *Salter v. State*, 184 So. 3d 944, 947 (¶7) (Miss. Ct. App. 2015). Accordingly, James's PCR motion is time barred. Notwithstanding the procedural bar, we will briefly address James's ineffective-assistance-of-counsel claim.

## II. Ineffective Assistance of Counsel

¶7. Although James's pro se brief is extensive, at the crux of his claims is ineffective assistance of counsel.[1] James asserts that he was denied effective assistance of counsel because his attorney (1) refused to file an appellant brief, (2) failed to notify the circuit court he wished to withdraw as counsel, (3) failed to inform James the circuit court had appointed him new counsel, (4) failed to render a notice of appeal, and (5) abandoned James and thereby created a conflict of interest. To succeed on an ineffective-assistance-of-counsel claim, James must demonstrate, "(1) deficiency of counsel's performance (2) sufficient to constitute prejudice to the defense." *Walker v. State*, 703 So. 2d 266, 268 (Miss. 1997)

---

[1] James also asserts that Cooper's subsequent conviction should render his testimony at James's trial impeachable; that the circuit court failed to apply an intervening decision; and that a juror was improperly allowed to testify for the State. But, Cooper's conviction is unrelated to James's; the cases relied on by James predate his conviction; and the assertion that a juror was called as a witness is not supported in the record.

3

(quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Here, James relies only on his assertions in his briefs to support his claims.

¶8. In his reply brief, James does request this Court to order the circuit court records to support his assertions, but "[i]t is the responsibility of the appellant to designate the record pursuant to Rule 10(b) of the Mississippi Rules of Appellate Procedure in a manner sufficient to allow this Court to review the appellant's issues." *Austin v. State*, 971 So. 2d 1286, 1287 n.1 (Miss. Ct. App. 2008). "In the absence of anything in the record to the contrary, we must presume that the trial court acted properly." *Id.* James provides no trial transcripts or affidavits to substantiate his claims. Without the record to review, we affirm the circuit court's denial of James's motion.

¶9. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

4